# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **LON CROUT, Individually and For Others Similarly Situated,** | **Case No. 4:20-cv-01559** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ICON INFORMATION CONSULTANTS, LP.** | **CLASS AND COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1. Icon Information Consultants, LP (Icon) failed to pay Lon Crout (Crout) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Maryland Labor & Employment Code § 3-415 (MWHL).

2. Instead, Icon paid Crout and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Crout brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. This Court has supplemental jurisdiction over Crout's state law claims given that such claims are closely related to the claims over which this Court has original jurisdiction.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

7. Icon is headquartered in Houston, Texas, in this District and Division.

## THE PARTIES

8. During the relevant period, Crout was an hourly employee of Icon.

9. Throughout his employment with Icon, Crout was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. His written consent is attached herein as <u>Exhibit A</u>.

11. Crout brings this action on behalf of himself and other similarly situated workers who were paid by Icon's "straight time for overtime" system.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Icon Information Consultants during the past 3 years who were paid straight time for overtime (the "FLSA Class Members").**

13. Crout seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14. Crout also seeks class certification under Fed. R. Civ. P. 23 of the following class under the Maryland law:

> **All hourly employees of Icon Information Consultants working in Maryland during the past 3 years who were paid straight time for overtime (the "Maryland Class Members").**

15. Collectively, the FLSA Class Members and the Maryland Class Members are referred to as the Putative Class Members.

16. Icon may be served with process by serving its registered agent Timothy L. O'Rourke at 2425 West Loop South, Suite 525, Houston, Texas 77027.

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Icon was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Icon was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Icon was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

20. Icon has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

21. At all times hereinafter mentioned, Crout and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

22. Icon provides staff augmentation, outsourcing, project management, and payroll services.

23. In order to provide services to its clients, Icon hires employees it pays on an hourly basis.

24. Crout worked for Icon as a Maintenance Planner.

25. Crout would plan power plant enhancements based on engineer reports, order materials, and document progress, completion, and obstacles.

26. Crout was paid $61 an hour for every approved hour worked.

27. Crout was employed by Icon from June 2018 until August 2019.

28. Crout was an hourly employee of Icon.

29. Crout was not paid a guaranteed salary.

30. Crout was staffed by Icon to Exelon Corporation in Maryland at the Calvert Cliffs Power Plant.

31. Crout reported the hours he worked to Icon on a regular basis.

32. If Crout worked under 40 hours, he was only paid for the hours he worked.

33. But Crout would regularly work more than 40 hours in a week.

34. In fact, Crout routinely worked 45 or more hours a week.

35. The hours Crout worked are reflected in Icon's payroll records.

36. Icon paid Crout the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

37. Icon did not pay Crout overtime for all hours worked in excess of 40 hours in a single workweek.

38. Rather than receiving time and half as required by the FLSA and the MWHL, Crout only received "straight time" pay for overtime hours worked.

39. This "straight time for overtime" payment scheme violates the FLSA and the MWHL.

40. Icon was aware of the overtime requirements of the FLSA and the MWHL.

41. Icon nonetheless failed to pay certain hourly employees, such as Crout, overtime.

42. Crout and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

43. Crout and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

44. Crout and the Putative Class Members regularly worked in excess of 40 hours each week.

45. Icon did not pay Crout and the Putative Class Members on a salary basis.

46. Icon did not guarantee Crout and the Putative Class Members a guaranteed salary.

47. Icon paid Crout and the Putative Class Members "straight time for overtime."

48. Icon failed to pay Crout and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

49. Icon knew, or acted with reckless disregard for whether, Crout and the Putative Class Members were paid in accordance with the FLSA or the MWHL.

50. Icon's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the MWHL.

**FLSA VIOLATIONS**

51. By failing to pay Crout and those FLSA Class overtime at one-and-one-half times their regular rates, Icon violated the FLSA's overtime provisions.

52. Icon owes Crout and FLSA Class the difference between the rate actually paid and the proper overtime rate.

53. Because Icon knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Icon owes these wages for at least the past three years.

54. Icon is liable to Crout and the FLSA Class for an amount equal to all unpaid overtime wages as liquidated damages.

55. Crout and FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### FAILURE TO PAY OVERTIME WAGES AS REQUIRED BY THE MWHL

56. The MWHL requires that workers employed in the State of Maryland be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half (1 ½) times the usual hourly wage at which he is employed. *See* MWHL § 3-415.

57. Icon violated the MWHL by failing to pay Crout and the Maryland Class Members at one and one-half times their usual rates of pay for hours they worked in Maryland in excess of 40 in any workweek. *See* MWHL § 3-415.

58. Accordingly, Crout and the Maryland Class Members are entitled to unpaid overtime wages, plus reasonable counsel fees and costs, and any other relief deemed appropriate by the Court. *See* MWHL §§ 3-415, 3-427.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

59. The illegal pay practices Icon imposed on Crout were imposed on the Putative Class Members.

60. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

61. Numerous other individuals who were staffed by Icon (like Crout) were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

62. Based on his experiences and tenure with Icon, Crout is aware that Icon's illegal practices were imposed on the Putative Class Members.

63. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

64. Icon's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

65. Crout's experiences are therefore typical of the experiences of the Putative Class Members.

66. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

67. Crout has no interests contrary to, or in conflict with, the Putative Class Members.

68. Like each Putative Class Member, Crout has an interest in obtaining the unpaid overtime wages owed under federal and state law.

69. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Icon.

70. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent a class or collective action, many Putative Class Members will not obtain redress of their injuries and Icon will reap the unjust benefits of violating the FLSA and MWHL.

72. Furthermore, even if some Putative Class Members could afford individual litigation against Icon, it would be unduly burdensome to the judicial system.

73. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Icon, and to the Court.

74. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

75. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Crout and the Putative Class Members' FLSA rights were violated as a result of Icon's straight time for overtime policy;

   b. Whether Icon required Crout and the Putative Class Members to work more than 40 hours during individual work weeks;

   c. Whether Icon's decision to pay Crout and the Putative Class Members straight time for overtime was made in good faith;

   d. Whether Icon paid Crout and the Putative Class Members on a salary basis;

   e. Whether Icon failed to pay Crout and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   f. Whether Icon's violation of the FLSA and MWHL was in good faith or willful; and

   g. Whether Icon's illegal pay practices were applied uniformly across the nation to Crout and all the Putative Class Members.

76. Crout and the Putative Class Members sustained damages arising out of Icon's illegal and uniform employment policy.

77. Crout knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

78. Crout will fairly and adequately represent and protect the interests of the Putative Class Members.

79. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## JURY DEMAND

80. Crout demands a Jury trial.

## PRAYER

81. Crout prays for relief as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Icon liable for unpaid back wages due to Crout and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

    d. For an Order appointing Crout and his counsel as Class Counsel to represent the interests of both the federal and state law classes;

    e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
  **Michael A. Josephson**
  Fed. Id. 27157
  Texas Bar No. 24014780
  **Richard M. Schreiber**
  Fed Id. 705430
  Texas Bar No. 24056278
  **JOSEPHSON DUNLAP, LLP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile
  mjosephson@mybackwages.com
  rschreiber@mybackwages.com

  **AND**

  **Richard J. (Rex) Burch**
  Fed. Id. 21615
  Texas Bar No. 24001807
  **BRUCKNER BURCH, PLLC**
  8 Greenway Plaza, Suite 1500
  Houston, Texas 77046
  713-877-8788 – Telephone
  713-877-8065 – Facsimile
  rburch@brucknerburch.com

  **ATTORNEYS IN CHARGE FOR PLAINTIFF**